■ WILLIAM F. CHRISTMAN, Individually and as Father and Natural Guardian of RONALD CHRISTMAN, et al., Respondents, v. JON R. BAILEY et al., Appellants.— Appeal from a judgment in favor of the plaintiffs, entered June 16, 1971 upon a jury verdict rendered at a trial term, and from an order which

denied the defendants' motion to set aside the verdict. The only issues on this appeal concern a $30,000 verdict in favor of the plaintiff Judy Christman and a $12,500 verdict in favor of William F. Christman for loss of wife's services (consortium). The verdict in favor of the plaintiff Judy is not so excessive as to shock the conscience of the court and should be affirmed. The $12,500 verdict is excessive. The bill of particulars stated: "Plaintiff has been deprived of the society, companionship, services and consortium of his wife almost continuously from the date of the accident to these presents to a greater or lesser degree". The only evidence in the record comes from the husband, William, in the following colloquy: "Q. Now, can you tell us, Mr. Christman, just answer, yes or no, whether or not your wife's condition since the happening of the accident has affected your married life? A. Yes. Q. And tell us to what extent? A. I don't consider we're man and wife anymore. Q. To be very frank about this, have you had marital relations since the happening of the accident? A. No. Q. To this date? A. No. Q. Has that caused some conflict in the household? A. Yes." and from the wife, Judy: "Q. Now, did you hear Mr. Christman testify you haven't had marital relations since the time of the accident? A. Yes, I did. Q. Is that true? A. That is true." There is no testimony that the loss of consortium resulted from the accident nor is there any evidence as to the pre-accident relationship. These intangible damages are difficult for a Judge or jury to evaluate. However, on the record, the amount is grossly excessive and should be reduced to $6,000. Judgment modified, on the law and the facts, and a new trial ordered, limited to the issue of damages to the plaintiff husband for loss of consortium, unless he shall, within 20 days after service of a copy of the order to be entered hereon, stipulate to reduce the verdict for loss of consortium to $6,000 and interest, in which event the judgment, as so modified and reduced, is affirmed, without costs. Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Simons, JJ., concur.